Lisa S. Kantor, State Bar No. 110678
lkantor@kantorlaw.net
Peter S. Sessions, State Bar No. 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>APPLE INC. HEALTH AND WELFARE BENEFIT PLAN,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff JANE DOE herein sets forth the allegations of her Complaint against Defendant APPLE INC. HEALTH AND WELFARE BENEFIT PLAN.

**PRELIMINARY ALLEGATIONS**

1.  Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

1. involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff JANE DOE is a resident of San Jose, California and at all times relevant was a resident in Santa Clara County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. At the time of the events described below Plaintiff was a minor.

4. Furthermore, the evidence to be presented in this matter contains highly sensitive personal information related to Plaintiff's mental health. The evidence includes treatment notes and other records documenting Plaintiff's medical and personal history, and describes the nature of Plaintiff's complex and fragile mental health.

5. For these reasons, and pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff is proceeding under a pseudonym.

6. Plaintiff was at all relevant times a beneficiary under Defendant APPLE INC. HEALTH AND WELFARE BENEFIT PLAN (the "Plan"), an employee group health benefit plan pursuant to which Plaintiff was entitled to health benefits.

7. The Plan has its principal place of business in Cupertino, California, is authorized to transact and is transacting business in this judicial district, the Northern District of California, and can be found in the Northern District of California.

**FIRST CLAIM FOR RELIEF**

**FOR DENIAL OF PLAN BENEFITS UNDER ERISA**

8. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

9. On January 26, 2020, Plaintiff was involuntarily admitted on a psychiatric hold following a suicide attempt.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

10. While Plaintiff was hospitalized, her father began researching residential treatment centers ("RTCs") that would be appropriate to treat Plaintiff's conditions after her course of inpatient treatment was completed.

11. On February 12, 2020, Plaintiff's father asked the Plan's claim administrator, United Behavioral Health ("UBH") for coverage information regarding Avalon Hills Adolescent Treatment Facility ("Avalon Hills"). UBH told Plaintiff's father that it was "unable to auth to that facility."

12. On February 19, 2020, UBH informed Plaintiff's father about three residential treatment providers, none of which had the highly specialized treatment components that Avalon Hills offered and were specifically needed to treat Plaintiff's condition.

13. Also on February 19, 2020, Avalon Hills called UBH regarding Plaintiff's coverage. UBH stated, "Inbound call from Facility regarding M[ental]H[ealth]…Calling regarding: Authorization for RTC…. This diagnosis is in scope for QuickCert, except when treatment is I[ntensive]O[out]P[atient]. Auth request did not qualify for Admin QuickCert process due to 3 or more admits. Verified the following INN Providers: Avalon Hills Adolescent Treatment Facility."

14. Later on February 19, 2020, another UBH representative documented the following: "Unavailable facility: Authorization unavailable for RTC and PHP L[evel]O[f]C[are] due to Service Component Not Consistent with LOC Guidelines; Clinical Denial – Send For Peer Review; medical oversight[.]"

15. Avalon Hills initially requested a peer-to-peer review of UBH's decision. However, upon realizing that UBH had denied the authorization of benefits on a non-clinical basis, Avalon Hills rescinded its request for a peer-to-peer review, and requested a denial letter so that Plaintiff's family could appeal.

16. Initially, UBH refused to provide a denial letter, claiming that Avalon Hills had rescinded its request for coverage: "advised that since facility chose not to do the review but rather rescinded their request a denial letter will not be issued or sent since we didn't yet deny anything."

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1    17.    On March 4, 2020, Avalon Hills called UBH and provided updated clinical
2    information in order for UBH to conduct a peer review.
3    18.    On March 6, 2020, UBH's peer reviewer Dr. Joan Odom participated in a
4    telephonic peer-to-peer review with representatives from Avalon Hills.
5    19.    At the end of the review, Dr. Odom concluded that Plaintiff did indeed need
6    continued treatment at the residential level.
7    20.    However, Dr. Odom stated, "it is my determination that the requested service does
8    not meet the CASII Recommendations required to be followed in the member's behavioral health
9    plan benefits. Specifically, authorization is unavailable for RTC and PHP LOCs at this facility due
10   to Service Components Not Consistent with LOC Guidelines."
11   21.    On March 9, 2020, UBH issued a written denial letter written by Dr. Odom.
12   22.    In her letter, Dr. Odom stated, "it is my determination that no further authorization
13   can be provided from 03/04/2020 forward…the current facility does not have service components
14   that meet Optum's requirements for CASII Level 5: Medically Monitored Residential Services."
15   23.    In her letter, Dr. Odom did not offer an explanation as to how Avalon Hills did not
16   meet required "service components for residential treatment."
17   24.    Plaintiff appealed this decision on September 3, 2020.
18   25.    UBH denied Plaintiff's appeal in a letter dated October 2, 2020.
19   26.    The rationale for UBH's denial in its October 2, 2020 letter was: "Optum practice
20   management had determined that Avalon Hills Adolescent Treatment Facility did not meet clinical
21   service guidelines for this level of care. The facility has been designated as not available for
22   authorization. Further questions regarding this status can be directed to Optum Practice
23   Management. Your treatment could've been provided at alternate residential programs that was
24   meeting our guidelines for CASII Service Level 5: Medically Monitored Residential Service
25   (residential treatment)…Please discuss your treatment with your provider."
26   27.    Plaintiff submitted a second-level appeal of this decision on August 6, 2021.
27   28.    To date, UBH has not rendered a decision on Plaintiff's second-level appeal, in
28   violation of ERISA claim regulations.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

29. Because Defendant did not approve her claim for benefits, Plaintiff has incurred the cost of her medical treatment at Avalon Hills.

30. Defendant wrongfully denied Plaintiff's request for authorization and coverage of her treatment at Avalon Hills in the following respects, among others:

(a) Failure to authorize and pay for medical services rendered to Plaintiff as required by the Plan at a time when Defendant and its claim administrators knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's request for authorization and coverage of her treatment at Avalon Hills;

(c) After Plaintiff's requests were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her request along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Plaintiff's request; and

(e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.503-1(g)-(j).

31. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and of which Plaintiff will immediately make Defendant aware once said acts or omissions are discovered by Plaintiff.

32. Following the denial of the request under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

33. As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of the cost incurred for her treatment, in a total sum to be proven at the time of trial.

34. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

35. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to benefits under the terms of the Plan.

## **SECOND CLAIM FOR RELIEF**
## **FOR EQUITABLE RELIEF UNDER ERISA**

36. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

37. As a direct and proximate result of the failure of Defendant to approve Plaintiff's request for authorization and coverage of her treatment at Avalon Hills, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

    (b) An order requiring Defendant to approve Plaintiff's request for authorization and coverage of her treatment at Avalon Hills;

    (c) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health care benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: April 27, 2022          KANTOR & KANTOR, LLP

                               BY: /s/ Peter S. Sessions
                                   Peter S. Sessions
                                   Attorneys for Plaintiff,
                                   JANE DOE