1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

JANE DOE,

Plaintiff,

9

v.

10
11

APPLE INC. HEALTH AND WELFARE
BENEFIT PLAN,

12

Defendant.

13

Case No.  22-cv-02566-EJD

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
AND DEFENDANT'S
ADMINISTRATIVE MOTIONS TO
SEAL**

Re: ECF Nos. 16, 21, 23

14          In connection with Defendant Apple Inc. Health and Welfare Benefit Plan's ("Defendant")

15 motion to dismiss Plaintiff Jane Doe's ("Plaintiff") complaint, both Plaintiff and Defendant seek

16 to file portions of their briefs and supporting papers under seal.  ECF Nos. 16 ("Mot. Seal MTD"),

17 21 ("Mot. Seal Opp."), 23 ("Mot. Seal Reply").  For the following reasons, the Court GRANTS IN

18 PART and DENIES IN PART the parties' motions to seal.

19 **I.      LEGAL STANDARD**

20          "Historically, courts have recognized a 'general right to inspect and copy public records

21 and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of

22 Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

23 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

24 presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (internal

25 quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

26 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong

27 presumption in favor of access to court records.").  Parties seeking to seal judicial records relating

28 Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFT.'S ADMIN. MOT. TO SEAL

United States District Court
Northern District of California

1    to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto*
2    *Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming
3    the presumption with "compelling reasons supported by specific factual findings that outweigh the
4    general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at
5    1178–79 (internal quotation marks and citation omitted).  Further, the Local Rules of this Court
6    require that all requests to file under seal be "narrowly tailored to seek sealing only of sealable
7    material." Civ. L.R. 79-5(a).

8         In determining whether there are compelling reasons to seal, "courts should consider all
9    relevant factors, including: 'the public interest in understanding the judicial process and whether
10   disclosure of the material could result in improper use of the material for scandalous or libelous
11   purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v.*
12   *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Courts must "'conscientiously balance[] the
13   competing interests' of the public and the party who seeks to keep certain judicial records secret."
14   *Kamakana*, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135).  After considering these interests,
15   if the court decides to seal certain judicial records, it must "base its decision on a compelling
16   reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."
17   *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798
18   F.2d 1289, 1295 (9th Cir. 1986)).  Compelling reasons may exist to seal "trade secrets, marketing
19   strategies, product development plans, detailed product-specific financial information, customer
20   information, internal reports and other such materials that could harm a party's competitive
21   standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the
22   strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-
23   MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

24   **II.    DISCUSSION**

25        The parties ask to seal material that is more than tangentially related to the underlying
26   cause of action—they seek to seal a significant portion of the amended complaint and dispositive
27   motion briefing.  Accordingly, the parties must provide compelling reasons, based on specific

28   Case No.: 22-cv-02566-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFT.'S ADMIN. MOT. TO SEAL
     2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    facts, to maintain this information under seal.  *Kamakana*, 447 F.3d at 1178–79.  The Court

2    addresses first Defendant's motions to seal (ECF Nos. 16, 23) before turning to Plaintiff's motion

3    to seal (ECF No. 21).

4           **A.      Defendant's Motions to Seal**

5           The Court finds there are compelling reasons to seal some, but not all, of the information

6    sought to be sealed.

7           Defendant seeks to seal the parties' Confidential Settlement Agreement and Release dated

8    December 21, 2021 ("Settlement Agreement"), attached as Exhibit A to the Declaration of

9    Michael Bernstein in support of Defendant's Motion to Dismiss Plaintiff's Complaint.  Mot. Seal

10   MTD 1.  "Numerous courts in this district have recognized the importance of protecting

11   confidential settlement communications and materials 'in order to promote settlement' and have

12   concluded that this general policy satisfies the more . . . 'compelling reasons' standard

13   to seal judicial records."  *Milliner v. Mutual Secs., Inc.*, No. 15-cv-03354-DMR, 2021 WL

14   2645794, at *5 (collecting cases).  Given the sensitive personal and medical history underlying

15   this matter, Plaintiff's status as a minor at the time of the events, and Plaintiff's choice to file suit

16   as a Jane Doe plaintiff, the Court also finds the protection of Plaintiff's identity to be an additional

17   compelling reason to seal the Settlement Agreement.  *See Meyers v. Kaiser Foundation Health*

18   *Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding

19   compelling reasons to seal minor's personal and medical information "because of the strong

20   interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature'") (citing *Jane*

21   *Roes 1-2 v. SFBSC Mgmt LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015)).  Any interest the public

22   may have in the Settlement Agreement does not outweigh these reasons for sealing.  *See Milliner*,

23   2021 WL 2645794, at *6 (determining public interest did not outweigh sealing interest without

24   indication of "public's interest in a settlement agreement between private parties") (citing

25   *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *3–4 (N.D. Cal.

26   July 2, 2008) (finding that "the terms of the [parties'] settlement and the negotiations preceding it"

27   are "records . . . of the kind 'traditionally kept secret'" and not subject to disclosure)).  The Court

28   Case No.: 22-cv-02566-EJD

1    therefore GRANTS Defendant's motion to seal the Settlement Agreement.

2        Defendant's remaining requests to seal relate to excerpts of its opening brief, supporting

3    declaration, and reply brief in support of its motion to dismiss that reference the Settlement

4    Agreement or the negotiations leading up to it.  Mot. Seal MTD 1; Mot. Seal Reply 1.  For the

5    same compelling reasons described above, the Court finds it appropriate to seal those portions of

6    Defendant's papers that quote from the Settlement Agreement or refer to the contents of either the

7    Settlement Agreement or negotiation communications so directly that the reference in essence

8    unseals the Settlement Agreement.  *See Arebalo v. Apple Inc.*, No. 19-cv-03034, 2022 WL

9    580865, at *3 (N.D. Cal. Feb. 25, 2022) (rejecting party's efforts to "seal broad swaths of text"

10   and sealing "only the proposed settlement terms and actual negotiations concerning those terms")

11   (citing *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB

12   (JSC), 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020)).  Defendant's proposed redactions to

13   the Declaration of Michael Bernstein in support of Defendant's Motion to Dismiss Plaintiff's

14   Complaint, *see* Mot. Seal MTD 1, and the Reply Brief in Support of Motion to Dismiss Plaintiff's

15   Complaint, *see* Mot. Seal Reply 1, are narrowly tailored—as required by Civil Local Rule 79-5—

16   to seal only language directly referencing the terms of the Settlement Agreement or describing the

17   negotiations prior to the execution of the Settlement Agreement.

18        However, the Court finds that the specific redactions proposed by Defendant are not

19   narrowly tailored and that Defendant does not provide a sufficient particularized justification for

20   sealing all the portions requested.  For example, Defendant seeks to seal information that it has

21   revealed in publicly filed documents.  *Compare, e.g.*, ECF No. 17 ("MTD") i:7–8, i:22–23, i:24–

22   25 (revealing phrase "in the Utah Case" in publicly filed motion to dismiss) *and id.* at 3:11

23   (arguing "Plaintiff's release in the Settlement" bars all claims in this action), *with* ECF No. 16-3

24   i:9–10 (seeking to seal "in the Utah Case") *and id.* at 3:4 (seeking to seal reference to Plaintiff

25   "releas[ing] all claims").  Additionally, the proposed redactions to Section V(A) of the

26   Defendant's opening brief in support of its motion to dismiss would seal the entirety of the section

27   except for the legal standard.  *See* MTD 13–16.  An effort to seal "broad swaths of text" already

28   Case No.: 22-cv-02566-EJD
     ORDER GRANTING IN PART AND DENYING IN PART DEFT.'S ADMIN. MOT. TO SEAL

1   suggests a lack of narrow tailoring, *see Arebalo*, 2022 WL 580865, at \*3, and the Court observes

2   that the proposed redactions include phrases that are left public in the discussion of the legal

3   standard. *Compare* MTD 13 ("the Court should review the plain language of the Settlement"),

4   *with* ECF No. 16-3 15:12 (seeking to seal nearly identical language). Accordingly, the Court

5   GRANTS IN PART and DENIES IN PART Defendant's motions to seal as described below.

### B.   Plaintiff's Motion to Seal

7   Plaintiff moves to seal excerpts of her opposition to Defendant's motion to dismiss and the

8   supporting declaration. Mot. Seal Opp. 1. However, Plaintiff's motion, while attaching an

9   unredacted version of the relevant documents, does not "highlight the portions for which sealing is

10  sought." Civ. L.R. 79-5(d)(2). Additionally, the proposed order should list in table format the

11  portions of the document that are sought to be sealed. *Id.* 79-5(c)(3). The Court therefore

12  DENIES without prejudice Plaintiff's motion to seal.

## III.   CONCLUSION

14  For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART

15  Defendant's motions to seal and DENIES Plaintiff's motion to seal as follows:

| Document | Portions Sought to be Sealed | Ruling |
|---|---|---|
| Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 17) | Pages i:7–10, i:22–25, 3:4–10, 3:12–14, 3:20–21, 3:23, 4:1, 4:6–9, 7:8–20, 8:1–9:7, 11:4, 11:25, 13:13–17, 14:9–16:12, 16:26–17:1, 17:11–12, 17:18–19, 17:23–24, 18:12, 18:19–21, 18:27, 19:1, 19:3, 19:17, 20:3, 20:5–11, 20:13. | Denied as to pages: i:10 (last four sealed words); 3:4 (first four sealed words); 3:6 (words 6–9); 3:7 (words 4–7); 3:8 (last six words); 3:9 (words 1, 3–12); 7:8 (first sealed word and footnote marker); 7:10 (last nine words); 7:11 (first five words); 7:13 (first nine words following end of citation); 7:18 (last five words); 8:11 (first nine words following end of citation); 14:9 (first 11 words); 14:10 (last six words); |

United States District Court
Northern District of California

| | | 14:11 (first six words);<br>14:15 (last two words);<br>14:16 (first two words, first eight words following end of citation);<br>14:17 (words 12–17);<br>14:18 (last three words);<br>14:19 (first word);<br>14:20 (words 7–16);<br>14:23 (last word);<br>14:24 (first two words);<br>15:1 (words 2–9);<br>15:10 (first four words following end of citation);<br>15:12–14 (sentence beginning after end of citation through first 12 words of 15:14);<br>15:15 (last four words);<br>15:16 (entire line);<br>15:17 (first word);<br>15:26 (last four words);<br>15:27 (first 16 words);<br>20:5 (last two words);<br>20:6 (first word, last nine words);<br>20:7 (first four words).<br><br>Otherwise granted. |
|---|---|---|
| Declaration of Michael Bernstein in Support of Defendant's Motion to Dismiss (ECF No. 17-1) | Pages 1:14–19, 1:26–2:1. | Granted |
| Confidential Settlement Agreement and Release, dated December 21, 2021, attached as Exhibit A to the Declaration of Michael Bernstein in Support of Defendant's Motion to Dismiss (ECF No. 17-2) | Entire document. | Granted |
| Defendant's Reply in Support of Motion to Dismiss Plaintiff's Complaint (ECF No. 24) | Pages i:7–9, i:12, i:15, 1:25–2:1, 2:11–12, 2:16, 2:22–2:26, 3:12–13, 3:15–19, 4:13–14, 4:16, 4:18–19, 4:26–5:3, 5:5–8, 7:6–7, 7:10, 7:14–15, 7:23–8:1, 8:6–12, 8:20–27, 9:3–10, 9:12–14, 9:16, 10:21. | Granted |

United States District Court
Northern District of California

| Plaintiffs' Opposition to Defendant's Motion to Dismiss (ECF No. 22) | Pages i:14–16, i:18–19, 5:21–28, 6:1–10, 6:12–14, 6:18–21, 7:11, 7:17–23, 8:3–9, 8:22, 9:1, 9:5–7, 9:10–22, 10:8–9, 11:9–11, 11:13–14. | Denied |
|---|---|---|
| Declaration of Brian S. King in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 22-1) | Page 2:6-17. | Denied |

Defendant shall submit a revised redacted version of its opening brief that reflects the above rulings by **February 28, 2023**.

Plaintiff may renew her sealing request by filing submissions that comply with Civil Local Rule 79-5 by **February 28, 2023**.

If the parties elect not to resubmit revised redactions by February 28, 2023, the Court shall unseal the documents in their entirety, with the exception of direct quotations from the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 15, 2023

EDWARD J. DAVILA
United States District Judge