UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC. HEALTH AND WELFARE BENEFIT PLAN,<br><br>        Defendant. | Case No.   22-cv-02566-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: ECF No. 29 |

On February 15, 2023, the Court issued an order that in relevant part denied without prejudice Plaintiff Jane Doe's ("Plaintiff") administrative motion to file under seal excerpts of her opposition to Defendant Apple Inc. Health and Welfare Benefit Plan's ("Defendant") motion to dismiss.  ECF No. 27 ("Prior Order").  The Court permitted Plaintiff to refile the motion to seal in conformity with Civil L.R. 79-5.  On February 28, 2023, Plaintiff filed the Amended Administrative Motion to Seal presently before the Court.  ECF No. 29 ("Motion").  For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

I.      **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLTF.'S ADMIN. MOT. TO SEAL
1

(9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records."). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Further, the Local Rules of this Court require that all requests to file under seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)). Compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

II.     DISCUSSION

Plaintiff asks to seal material that is more than tangentially related to the underlying cause

Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLTF.'S ADMIN. MOT. TO SEAL
2

1  of action, as she seeks to seal a significant portion of the opposition brief to the pending
2  dispositive motion to dismiss. Accordingly, Plaintiff must provide compelling reasons, based on
3  specific facts, to maintain this information under seal. *Kamakana*, 447 F.3d at 1178–79.

4  Plaintiff requests to seal those excerpts of her opposition brief to Defendant's motion to
5  dismiss and the supporting declaration that refer to the parties' Confidential Settlement Agreement
6  and Release dated December 21, 2021 ("Settlement Agreement"). Mot. at 1. The Court
7  previously found that compelling reasons exist to seal the Settlement Agreement. Prior Order at
8  3–4 (discussing the importance of protecting confidential settlement communications to promote
9  settlement and the protection of Plaintiff's identity given the sensitive personal and medical
10 history underlying this matter, Plaintiff's status as a minor at the time of the events, and Plaintiff's
11 choice to file suit as a Jane Doe plaintiff). For the same reasons, the Court found it "appropriate to
12 seal those portions of Defendant's papers that quote from the Settlement Agreement or refer to the
13 contents of either the Settlement Agreement or negotiation communications so directly that the
14 reference in essence unseals the Settlement Agreement." *Id.* at 4. The Court does not disturb that
15 finding here, and holds for the same reasons articulated in the Prior Order that it is appropriate to
16 seal excerpts of Plaintiff's opposition brief and the supporting declaration that quote from or refer
17 to the Settlement Agreement or negotiation communications in such a way that the Settlement
18 Agreement is effectively unsealed.

19 However, the Court finds that the specific redactions proposed by Plaintiff are not
20 narrowly tailored and that Plaintiff does not provide a sufficient particularized justification for
21 sealing all the portions requested. For example, Plaintiff seeks to seal information that it has
22 revealed in publicly filed documents. *Compare* ECF No. 22 ("Opp.") i:11, 3:14–15, 4:23, 12:2
23 (revealing phrase "in the Utah Case" in publicly filed opposition to motion to dismiss), *with, e.g.*,
24 ECF No. 29-1 i:6, 6:13–14 (seeking to seal "in the Utah Case"). The Court previously found this
25 same language was not appropriate for sealing. Prior Order at 4–5. Accordingly, the Court
26 GRANTS IN PART and DENIES IN PART Plaintiff's Motion as described below.

Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLTF.'S ADMIN. MOT. TO SEAL
3

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion as follows. All references to "sealed" words are with regard to the highlighted excerpts of the documents attached to the Motion.

| Document | Portions Sought to be Sealed | Ruling |
|---|---|---|
| Plaintiffs' Opposition to Defendant's Motion to Dismiss (ECF Nos. 22; 29-1) | Pages i:14–16, i:18–19, 5:21–28, 6:1–10, 6:12–14, 6:18–21, 7:11, 7:17–23, 8:3–9, 8:22, 9:1, 9:5–7, 9:10–22, 10:8–9, 11:9–11, 11:13–14. | Denied as to pages:<br>i:16 (first four sealed words);<br>i:19 (last four sealed words);<br>6:13 (last four sealed words);<br>6:14 (last four sealed words);<br>6:19 (last four sealed words);<br>6:21 (last four sealed words);<br>7:11 (first two sealed words);<br>7:17 (first seven sealed words);<br>7:18 (first seven sealed words);<br>7:21 (last four sealed words);<br>7:22 (first word);<br>8:3 (last four sealed words);<br>8:4 (first 10 words);<br>8:5 (words 8–14);<br>8:8 (last three words);<br>9:1 (last three sealed words);<br>9:5 (last word);<br>9:6 (words 1–2, 6–8);<br>9:10 (last four words);<br>9:12 (words 3–6, last two words);<br>9:13 (first two words);<br>9:22 (last four words);<br>10:9 (first four words);<br>11:14 (first sealed five words).<br><br>Otherwise granted. |
| Declaration of Brian S. King in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF Nos. 22-1, 29-2) | Page 2:6-17. | Denied as to pages:<br>2:6 (entire line);<br>2:7 (first four words);<br>2:9 (entire line);<br>2:10 (first seven words);<br>2:14 (entire line);<br>2:15 (first four words).<br><br>Otherwise granted. |

Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLTF.'S ADMIN. MOT. TO SEAL
4

Plaintiff shall file revised redacted versions of her opposition brief and the supporting declaration that reflect the above rulings by **March 28, 2023**.

If Plaintiff elects not to resubmit revised redactions by March 28, 2023, the Court shall unseal the documents in their entirety, with the exception of direct quotations from the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 14, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-02566-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLTF.'S ADMIN. MOT. TO SEAL
5